UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

EAN HOLDINGS, LLC
a limited liability company,

       Plaintiff,

v.                               Civil Action No. 2:13-26841

JOYCE ISHOLA,
JAMES LENNON PACE,
JAYRON WASHINGTON,
THOMAS CALDWELL,
VERNON CLEMENTS,
DIABLO BROWN,
SEDGWICK CLAIMS MANAGEMENT,
ERIE INSURANCE COMPANY,
ASSOCIATED RADIOLOGISTS, INC.,
CHARLESTON PHYSICAL THERAPY SPECIALISTS, INC.,
and WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN RESOURCES,

       Defendants.

## MEMORANDUM OPINION & ORDER

       Pending are three motions for default judgment filed by EAN Holdings, LLC ("EAN") on May 19, 2015.

       This case arises out of a two-car motor vehicle accident. EAN owned one of the cars involved in the wreck. It filed this interpleader action in the Circuit Court of Kanawha County, West Virginia, seeking to join all parties that might have a claim to recover against the proceeds of its self-

insurance.  The case was subsequently removed to this court on October 25, 2013.

The complaint named as defendants several entities that provided medical care or pharmaceutical services to those injured in the accident, Compl. ¶¶ 29-33, including Charleston Physical Therapy Specialists ("Specialists") and Associated Radiologists, Inc. ("Associated").  Sedgewick Claims Management ("Sedgewick"), the company allegedly responsible for administering the workers' compensation fund that may have compensated some of those involved in the accident was also named.  All three "were served with process through the West Virginia Office [of] the Secretary of State," See Status Report ¶ 7 (ECF No. 19, filed February 3, 2014), but from all that appears in the record, they have not responded to the interpleader complaint in any manner, in any court.  EAN now moves for a default judgment pursuant to Rule 55(b)(2) declaring that each has waived its right to make a claim arising from the accident against EAN's self-insurance.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Once

default has been entered by the Clerk,[1] the plaintiff may move the court to enter a default judgment against the defendant pursuant to Rule 55(b)(2).

Here, Sedgewick, Associated, and Specialists have failed to plead or otherwise defend EAN's complaint, and several courts have concluded that "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." Amoco Prod. Co. v. Aspen Grp., 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999) (quoting Gulf Coast Galvanizing, Inc. v. Steel Sales Co., 826 F. Supp. 197, 203 (S.D. Miss. 1993) (alteration in the original)); see also Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); N.Y. Life Ins. Co. v. Ct. Dev. Auth., 700 F.2d 91, 95 (2d Cir. 1983) (observing that default by an interpleader defendant obviates the need to adjudicate potential adverse claims it may possess); Standard Ins. Co. v. Asuncion, 43 F. Supp. 3d 1154, 1156-57 (W.D. Wash. 2014) ("A named interpleader defendant who fails to answer the

---

[1] The Clerk entered the defaults of Sedgewick, Associated, and Specialists on August 3, 2015.

interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted if service was properly effected upon them." (internal quotation marks and citation omitted)).  Accordingly, EAN's motions for default judgment against Sedgewick, Associated, and Specialists are granted, and any claims of those defendant-claimants against EAN's self-insurance arising from the accident in issue are forfeited.

The Clerk is directed to transmit copies of this order to all counsel of record and any pro se parties.

ENTER: August 4, 2015

John T. Copenhaver, Jr.
United States District Judge

4